Brian D. Miller, Esq./S.B.# 117262
Bradd L. Milove, Esq./S.B.#117221
Christopher J. Hayes, Esq./S.B.#156882
**MILLER & MILOVE**
Symphony Towers
750 B Street, Suite 1880
San Diego, CA 92101
(619) 696-5200
(619) 696-5393 fax

Attorneys for Petitioners

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DODGER, INC.; GOLD, INC.; BORUJ, INC.; and SALOMON HELFON TUACHI,<br><br>Petitioners,<br><br>v.<br><br>INTERACTIVE DATA CORP.; INTERACTIVE DATA PRICING AND REFERENCE DATA, INC.; and DOES 1 through 10, Inclusive,<br><br>Respondents. | CASE NO. 08-CV-1476-JM-POR<br><br>***EX PARTE* APPLICATION FOR ORDER ENFORCING FINRA SUBPOENA OR, IN THE ALTERNATIVE, SETTING A HEARING AT THE EARLIEST POSSIBLE DATE WITH LEAVE TO CONDUCT DISCOVERY** |

Petitioners DODGER, INC.; GOLD, INC.; BORUJ, INC.; and SALOMON HELFON TUACHI (hereinafter, Petitioners"), hereby apply to the Court *ex parte* for an Order enforcing the subpoena issued by the Financial Industry Regulatory Authority (FINRA) arbitrator or, in the alternative, setting a hearing for the earliest possible date and in the interim permitting Petitioners to conduct limited discovery in an expedited manner in advance of the Rule 26(f) Discovery Conference and Order.

Good cause exists for the relief requested. This action is limited to enforcement of a subpoena issued in a FINRA arbitration. The only relief sought in this action is compliance with the FINRA subpoena. A copy of the subpoena is attached hereto as Exhibit "1." This enforcement action was originally filed in the San Diego Superior Court. Respondent removed this proceeding to the U.S.

District Court on grounds of diversity. The underlying FINRA arbitration is set to take place on October 27, 2008. Respondents will likely request time to comply with the subpoena once ordered to comply. Expert review of the documents to be produced will be required. The subpoena seeks information in the sole possession of Respondent which is essential to Petitioners' case in the underlying arbitration.

Among the defenses raised by Respondents to the FINRA subpoena is undue burden. In the event the Court is disinclined to enforce compliance with the FINRA subpoena on this record, Petitioners apply for leave to conduct expedited discovery for the sole purpose of deposing Respondent's personnel with respect to the burden and cost associated with compliance. However, the undue burden claim of Respondents is based in large part on their expansive reading of the "subject CMO" definition in the subpoena. The Proposed Order clarifies and limits the scope of the production to those securities specifically listed in the subpoena.

Irreparable injury will come to Petitioners if the requested relief is not granted on a timely basis. If resolved in the normal course and without *ex parte* relief, this action would not be resolved in time to prepare for the underlying FINRA arbitration. This action is wholly ancillary to the underlying FINRA arbitration. The arbitration cannot proceed further without production of the information sought under this subpoena.

The parties have met and conferred and have been unable to reach agreement.

This application is supported by the pleadings on file in this action, the accompanying memorandum of points and authorities and Declaration of Brian D. Miller and exhibits thereto, and such other and further evidence and argument as shall be received.

Dated: August 26, 2008

MILLER & MILOVE

_____
Brian D. Miller
Attorneys for Petitioners